**SOLID WASTE AGENCY OF NORTH-ERN COOK COUNTY, Plaintiff–Appellant,**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS, et al., Defendants–Appellees,**

and

**Village of Bartlett, et al, Intervening Defendants–Appellees.**

No. 98–2277.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 12, 2001.

Decided March 29, 2001.

Before Hon. KANNE, Hon. DIANE P. WOOD, Hon. TERENCE T. EVANS, Circuit Judges.

ORDER

In *Solid Waste Agency of Northern Cook County v. United States Army Corps of Engineers*, 531 U.S. 159, 121 S.Ct. 675, 148 L.Ed.2d 576 (2001), the Supreme Court held "that 33 C.F.R. § 328.3(a)(3) (1999), as clarified and applied to petitioner's [*i.e.* the Solid Waste Agency of Northern Cook County, or SWANCC] balefill site pursuant to the "Migratory Bird Rule," 51 Fed.Reg. 41217 (1986), exceeds the authority granted to [the U.S. Army Corps of Engineers] under § 404(b) of the Clean Water Act." 121 S.Ct. at 684. This court's decision upholding the Corps' use of the Migratory Bird Rule to require SWANCC to obtain a permit for its proposed balefill site in Northern Cook County was therefore reversed, and the case was remanded to us. After receiving the Circuit Rule 54 statements of the parties and certain municipalities who had intervened at the Supreme Court, we now REMAND this case to the district court for further proceedings. It will be for the district court to determine, in the first instance, whether the only properly presented basis for the Corps' requirement of a permit was the Migratory Bird Rule or if alternate grounds of jurisdiction not inconsistent with the Supreme Court's opinion remain available. If the district court concludes that the Corps' authority in this case rests solely on the Migratory Bird Rule, it must dismiss the action. If it

finds another proper basis for jurisdiction, then it shall conduct further proceedings consistent with the judgment of the Supreme Court.